Filed 10/9/14  P. v. Ramirez CA2/8

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE,<br><br>       Plaintiff and Respondent,<br><br>   v.<br><br>GILBERT RAMIREZ,<br><br>       Defendant and Appellant. | B253587<br><br>(Los Angeles County<br>Super. Ct. No. GA089929) |

APPEAL from a judgment of the Superior Court of Los Angeles County.  Suzette Clover, Judge.  Affirmed.

Richard L. Fitzer, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

\* \* \* \* \* \* \* \* \* \*

Defendant and appellant Gilbert Ramirez appeals from his conviction, following a no contest plea, on one count of felon in possession of a firearm (Pen. Code, § 29800, subd. (a)(1)), and one count of possession of a controlled substance (Health & Saf. Code, § 11350, subd. (a)). We affirm.

On July 12, 2013, defendant was charged by information with three counts: possession of a controlled substance with a firearm (Health & Saf. Code, § 11370.1, subd. (a); count 1), felon in possession of a firearm (Pen. Code, § 29800, subd. (a)(1); count 2), and possession of ammunition (Pen. Code, § 30305, subd. (a)(1); count 3). It was also specially alleged, as to all counts, defendant had suffered five prior qualifying strikes within the meaning of the "Three Strikes" law and had served five prior prison terms. The information was subsequently amended by interlineation to add one count (count 4) for possession of a controlled substance (Health & Saf. Code, § 11350, subd. (a)).

Defendant moved to suppress evidence recovered at the time of his arrest. (Pen. Code, § 1538.5.) Los Angeles County Deputy Sheriffs Jonathan Elizarraraz and Scott Chapman, the arresting deputies, testified at the evidentiary hearing to the following facts. Shortly after 1:00 in the morning on May 31, 2013, the deputies were on patrol in a marked vehicle. They were making a routine check at the Palms Motel in the City of Rosemead because it is known for a high level of narcotics activity.

Defendant was standing with a female at the motel's check-in window. Deputy Chapman believed defendant matched the general description of a suspect wanted for making criminal threats from a week or so before in the same general area. Defendant was about 30 feet from the patrol car and Deputy Chapman, while still seated in the driver seat, asked defendant his name and if he had any identification. Defendant said something inaudible but then denied having any identification. Deputy Chapman asked defendant if they could speak with him and he walked over to their patrol car.

Deputy Elizarraraz got out of the car and went up to defendant and asked defendant if he could search him. Defendant said "Go ahead. I don't have anything."

2

Defendant then conceded he had a "small" knife with him. Deputy Elizarraraz performed a brief patdown search and found an 8-inch folding knife in the pocket of defendant's shorts. Deputy Elizarraraz was "startled" by the size of the knife, because defendant had called it small, and because it was in the "fixed" or open position, pointing upward. Deputy Elizarraraz secured the knife and detained defendant.

Deputy Chapman placed defendant in the back of the patrol car. He asked defendant his name and ran it through the mobile digital computer. As a result of that preliminary check, Deputy Chapman believed defendant was on parole. It appears that fact was later found to be untrue. The deputies proceeded to conduct a weapons investigation.

The deputies spoke with defendant's female companion. She told them they had arrived at the motel in the white pickup truck parked nearby. Deputy Chapman walked over to the truck and saw, through the open window, a hypodermic needle lying on the driver's side floorboard. The needle had a brown residue in it and was lying on a black bandana. The deputies searched the vehicle and found a loaded .22-caliber handgun under the bandana and three small balloons, of what was later determined to be heroin, in the bed of the truck.

Defendant did not call any witnesses. After entertaining argument, the court denied defendant's motion to suppress.

Thereafter, on the first day of trial, the parties informed the court that a plea agreement had been reached. Defendant agreed to enter a plea of no contest to counts 2 and 4 and to admit one prior strike. The requisite admonitions were stated on the record and defendant waived his rights to a jury trial. The court found defendant made a knowing and voluntary decision to waive his rights and enter into the plea agreement, and found a factual basis supported the plea. Counts 1 and 3 and the remaining special allegations were dismissed.

The court sentenced defendant to the low term of 16 months, doubled due to the strike, on each of counts 2 and 4, with the terms to run concurrently. Defendant was awarded 378 days of custody credits, and ordered to pay various fines and fees.

The record discloses no effort by defendant to secure a certificate of probable cause, and no certificate is contained in the record. Thus, the only issues cognizable by this appeal are search and seizure issues, and issues arising from postplea proceedings to determine the degree of the crimes and penalties to be imposed. (*People v. Panizzon* (1996) 13 Cal.4th 68, 74-75.) Defendant filed a timely notice of appeal raising only the issue of the denial of his motion to suppress in accordance with Penal Code section 1538.5, subdivision (m) and *Panizzon*.

We appointed appellate counsel to represent defendant. Appellate counsel filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) in which no issues were raised. The brief included a declaration from counsel that he reviewed the record and sent a letter to defendant explaining his evaluation of the record. Counsel further declared he advised defendant of his right, under *Wende*, to submit a supplemental brief within 30 days.

On May 5, 2014, defendant submitted a one-page handwritten letter brief. Defendant did not identify any specific claim of error, but only requested his current appellate counsel be relieved and that new appellate counsel be appointed. Defendant requested his current counsel be replaced because of counsel's opinion there are no arguable appellate issues. Simply because appointed counsel submitted a *Wende* brief does not mean defendant is entitled to new counsel. Defendant has not shown any basis for an order substituting new counsel.

As for the denial of defendant's motion to suppress, the trial court is vested with broad discretion in judging witness credibility, weighing the evidence and drawing the reasonable inferences therefrom. " ' "On appeal, all presumptions favor the exercise of that power. . . ." [Ctiations.]' [Citation.]" (*People v. Gomez* (2004) 117 Cal.App.4th 531, 537; see also *People v. Weaver* (2001) 26 Cal.4th 876, 924 [discussing standard of

4

review for ruling on a motion to suppress].)  The record amply supports the trial court's denial of defendant's motion.  The deputies had a reasonable basis for asking defendant a few simple questions to determine his identity based on Deputy Chapman's belief he fit the general description of a suspect from an incident the previous week.  Defendant consented to a patdown search.  There are no facts showing the officers acted aggressively, in a coercive manner or otherwise unduly prolonged the initial detention such as to vitiate the voluntariness of defendant's consent.  A large knife was recovered from defendant's pocket, and the deputies saw, in plain view, evidence of drugs in defendant's parked vehicle which justified the search of the vehicle.  We do not believe *Arizona v. Gant* (2009) 556 U.S. 332, referenced in defendant's letter brief, supports a different outcome on defendant's motion.  To the extent defendant's letter suggests appointed counsel failed to competently represent him by refusing to raise the denial of the motion as an appellate issue, we are not persuaded.

We have examined the entire record and are satisfied that appointed counsel fully complied with his responsibilities in assessing whether or not any colorable appellate issues exist.  We conclude there are no arguable appellate issues.  (*People v. Kelly* (2006) 40 Cal.4th 106; *Wende*, *supra,* 25 Cal.3d 436.)

## DISPOSITION

The judgment of conviction is affirmed.


                                                                        GRIMES, J.


We concur:


              RUBIN, Acting P. J.



              FLIER, J.


5